MANUFACTURERS HANOVER
INTERNATIONAL BANKING
CORP., Plaintiff,

v.

SPRING TREE
CORPORATION, Defendant.

Civ. A. No. 89–0176–MC.

United States District Court,
D. Massachusetts.

Dec. 27, 1990.

Michael B. Roitman, Robert L. Caporale, Erik J. Frick, Eckert, Seamans, Cherin & Mellott, Boston, Mass., for plaintiff.

---

Harvey Bagg, Shea & Gould, New York City, Edward Robinson, Gaston & Snow, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT ON COUNTS I & II

### AND

### DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON COUNTS I, II & III

McNAUGHT, District Judge.

This matter comes before the Court on plaintiff's and defendant's cross motions for summary judgment on Counts I and II of the Complaint in accordance with Fed.R. Civ.P., Rule 56(c).

The underlying lawsuit involves a dispute regarding an international letter of credit transaction. In May, 1988, the defendant, a Vermont corporation, contracted to sell cocoa to Summer Commodities Trading Limited, a Hong Kong organization. The Hua Chiao Commercial Bank Ltd. of Hong Kong ("HCCB") issued the letter of credit in dispute which provides that Citibank will be the advising bank. At defendant's request, plaintiff agreed to act as negotiating bank.

After final shipment, defendant delivered a draft to plaintiff for the full amount of the letter of credit, along with the required supporting documents. Subsequently plaintiff transmitted the documents to HCCB, allegedly disclaiming any responsibility for their validity or accuracy. Upon receipt of reimbursement from Citibank, plaintiff issued a check for $81,886.69 to defendant. HCCB, the issuing bank, refused to accept the documents claiming that they did not conform exactly to the terms of the letter of credit and declined to reimburse plaintiff. In turn, plaintiff so notified defendant and requested return of the advanced proceeds.

The issue before the Court is whether plaintiff negotiating bank or defendant beneficiary should bear the financial cost of a Letter of Credit dispute. Pursuant to U.C.C. § 5-111, plaintiff had the right to rely on defendant's warranty that the documents defendant submitted were in compliance with the requirements stated in the Letter of Credit. As negotiating bank, plaintiff has recourse against defendant beneficiary for proceeds advanced to the beneficiary, where the issuing bank dishonored the draft because of defects in the supporting documents. Defendant must reimburse the proceeds advanced by plaintiff, notwithstanding any dispute between the issuing bank and defendant as to whether issuing bank's dishonor was proper. *Delta Brands Inc. v. Mbank Dallas N.A.*, 3 U.C.C. Rep.Serv.2d 1099, 1101–02, 719 S.W.2d 355 (Tex.App.1986); *First Nat'l. City Bank v. Klatzer*, 28 U.C.C.Rep. Serv. 497, 498 (N.Y.Sup.Ct.1979).

For the foregoing reasons the plaintiff's motion for summary judgment on Counts I and II of the Complaint is granted and, the defendant's motions, are hereby denied.